# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**HAZEL M. AMBERGER**                                                          **PLAINTIFF**

**V.**                  **NO. 1:18CV00037 DPM-JTR**

**NANCY A. BERRYHILL,**
**Deputy Commissioner for Operations,**
**performing the duties and functions not reserved**
**to the Commissioner of Social Security**                **DEFENDANT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D. P. Marshall, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction:

Plaintiff, Hazel M. Amberger ("Amberger"), applied for disability benefits on June 15, 2015, alleging disability beginning on February 10, 2014. (Tr. at 22). After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 33). The Appeals Council denied her request for review. (Tr. at 1). Thus, the ALJ's decision now stands as the final decision of the Commissioner.

For the reasons stated below, the Commissioner's decision should be affirmed.

## II. The Commissioner's Decision:

The ALJ found that Amberger had not engaged in substantial gainful activity from the alleged onset date of February 10, 2014 through the date last insured of June 30, 2015. (Tr. at 24). At Step Two, the ALJ found that Amberger has the following severe impairments: migraines, fibromyalgia, degenerative joint disease, shoulder pain, and obesity. *Id.*

After finding that Amberger's impairment did not meet or equal a listed impairment (Tr. at 24), the ALJ determined that Amberger had the residual functional capacity ("RFC") to perform the full range of light work, except that: (1) she could only occasionally reach overhead with her right dominant extremity; and (2) she could not be exposed to temperature extremes, humidity, dust, fumes, or chemicals. (Tr. at 25).

The ALJ found that, based on her RFC, Amberger was unable to perform any of her past relevant work. (Tr. at 31). At Step Five, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, based on Amberger's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform, including work as counter clerk and a furniture rental consultant. (Tr. at 32). Thus, the ALJ found that Amberger was not disabled.

### III. <u>Discussion:</u>

    A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B.  Amberger's Arguments on Appeal

Amberger contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues only that, because the ALJ erred in determining the frequency of her migraines, the RFC was flawed. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Certainly, Amberger suffered from migraines, and those migraines required hospital visits on occasion. She had throbbing pain, nausea, and photophobia with her headaches. While she contends that the ALJ erred when he said she would be expected to have zero to six migraines a month, neither her testimony nor other medical evidence in the record provide any credible basis for this argument.

Amberger's own reports of migraine frequency varied widely. At the hearing, she said that migraines occurred 2 to 4 times per week; then she said 6 to 9 per month; then she said 20 or more per month; then she said 4 to 20 per month. (Tr. at 49-56). Her conflicting testimony does nothing to narrow down the frequency of her migraines. When she saw a doctor for migraines on October 15, 2014, she said she had one headache per month. (Tr. at 319-321). Then on December 9, 2014, she said she had three in November. (Tr. at 327). On August 3, 2015, Amberger said she had as few as 2 headaches per month and as many as 6. (Tr. at 636). A month later, Amberger said she had headaches every day. (Tr. at 667). And on March 16, 2016,

Amberger said she had 20 headaches per month. (Tr. at 729). With such scatter shot reports, the ALJ could not solely rely on testimony from Amberger. To supplement her testimony, he considered the clinical examinations and doctor's reports to help clarify the frequency of her migraines; how severe they were; how they responded to treatment; and how much they interfered with daily activities.

Amberger's medical history showed that she did get help from medication. She said migraines were relieved by Imitrex. (Tr. at 331). Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). She said that they were less intense on Amitriptyline. (Tr. at 323). She said that within one week of taking Ceftin, her headaches were gone. (Tr. at 595). On June 26, 2014, Amberger said her headaches had improved. (Tr. at 586). On November 11, 2014, she said her headaches were less intense. (Tr. at 323). On November 21, 2014, she said her headaches were "resolved." (Tr. at 286). Improvement in condition supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). While headaches may be persistent and return in spite of medication, Amberger certainly experienced relief with treatment.[1]

---

[1] The Court notes that Amberger's doctors said she was non-compliant with recommendations to exercise to mitigate headaches; she said herself that she never exercised. (Tr. at 615, 635).

Amberger saw APRN Audrey Arnold on numerous occasions and she argues that more weight should have been given the opinion of Ms. Arnold. As an APRN, Ms. Arnold is not an acceptable medical source, although her opinion may be considered to ascertain severity of condition. See 20 C.F.R. §§ 404.1502, 404.1513(a) and (d), and 404.1527. While Amberger saw Ms. Arnold on sixteen occasions, she did not complain of a headache at ten of those visits. (Tr. at 557-581, 586-626). Finally, Ms. Arnold treated Amberger's condition conservatively, with medication and a prescription to begin a walking regimen (Amberger herself said walking relieved headaches). (Tr. at 576-580). The need for only conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993).

Ms. Arnold did not give an opinion as to how headaches would impact Amberger's daily functioning, nor did she say how many days of work she would miss per month. As a result, the ALJ rightly gave Ms. Arnold's impressions only some weight. Furthermore, the ALJ gave Ms. Arnold's opinions more weight than the opinions of the reviewing medical experts, who concluded Amberger's headaches were not a severe impairment. The ALJ found Amberger's migraine headaches to be severe and accounted for symptoms in the RFC.

Finally, Amberger was able to perform daily activities such as caring for

personal needs, doing light housework, cooking, driving, shopping, and attending sporting events. (Tr. at 203-210). Such daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995).

Amberger's headaches were intermittent, and they responded well to treatment. She was non-compliant with her doctors' recommendation to exercise, but she had the ability to perform many activities of daily living, in spite of migraines. There is not sufficient evidence to overturn the ALJ's decision that migraines were not disabling, or the way he accounted for the limitations associated with migraines in his RFC.

## IV. **Conclusion**:

There is substantial evidence to support the Commissioner's decision that Amberger was not disabled. The ALJ properly evaluated the evidence concerning migraine headaches.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be AFFIRMED and that the case be DISMISSED, with prejudice.

DATED this 11th day of February, 2019.

*/s/ J. Thomas Ray*
UNITED STATES MAGISTRATE JUDGE